In re Robert McKnight PARDEE; Darlene Daigle–Pardee, Debtors.

Great Lakes Higher Education Corporation, Appellant,

v.

Robert McKnight Pardee; Darlene Daigle–Pardee, Appellees.

No. 98–15942.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 1999.

Memorandum Filed July 7, 1999.

Order Filed Oct. 25, 1999.

---

Lloyd J. Blaney, Dew & Blaney, Madison, Wisconsin; Karen A. Ragland, Ferns, Garwacki & Adams, Pasadena, California, for the appellant.

James L. Robinson, Jr., Tucson, Arizona, for the appellees.

Before: LAY,[1] PREGERSON and HAWKINS, Circuit Judges.

---

**1.** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

## ORDER

LAY, Circuit Judge:

The memorandum disposition filed July 7, 1999, is redesignated as an authored opinion by Judge Lay.

## OPINION

Robert and Darlene Pardee filed a Chapter 13 plan that expressly purported to discharge post-petition interest on a student loan debt that the Pardees owed to Great Lakes Higher Education Corporation ("Great Lakes"). Great Lakes did not object to the plan and it was later confirmed. Great Lakes did not appeal confirmation of the plan. After the Pardees received their Chapter 13 discharge, however, Great Lakes attempted to collect $6,095.92, the interest on the student loan debt that had accrued after the bankruptcy petition was filed. The Pardees filed a motion in the bankruptcy court to enforce the discharge of the interest and to enjoin Great Lakes from further attempts to collect the debt. The bankruptcy court granted the motion and the Bankruptcy Appellate Panel ("BAP") affirmed the bankruptcy court's order enjoining Great Lakes from further debt collection activity. The BAP held (1) that the confirmed Chapter 13 plan was res judicata regarding the discharge provision contained in the plan even if the provision violated the Bankruptcy Code, and (2) that Great Lakes' failure to object to the plan or to appeal its confirmation constituted a waiver of its ability to challenge the provision or collect the interest. *See Great Lakes Higher Educ. Corp. v. Pardee (In re Pardee),* 218 B.R. 916, 925 (B.A.P. 9th Cir. 1998). Great Lakes appeals and we affirm.

Student loan debts are nondischargeable in Chapter 13 unless two exceptions set forth in the Bankruptcy Code apply. *See* 11 U.S.C. §§ 523(a)(8), 1328(a)(2).[2] The Code is silent, however,

---

**2.** Before October 1998, 11 U.S.C. § 523(a)(8) provided that educational loans were not dischargeable unless: (A) the loan first became due more than seven years before the date of

about whether post-petition interest on a nondischargeable student loan is also non-dischargeable. The BAP held that the post-petition interest is nondischargeable.[3] We need not decide this issue,[4] however, because we agree with the BAP's conclusion that Great Lakes' failure to object to the plan or to appeal the confirmation order "constitutes a waiver of its right to collaterally attack the confirmed plan post-confirmation on the basis that the plan contains a provision contrary to the Code." See In re Pardee, 218 B.R. at 922.

As the BAP recognized, while a creditor is generally not required to object to a plan that does not purport to pay post-petition interest because post-petition interest cannot be collected through the bankruptcy estate pursuant to 11 U.S.C. § 502(b)(2), the facts of this case are different. The Pardees' plan contained a provision that expressly purported to discharge the post-petition interest on their student loan debt and relieve them of liability for the post-petition interest.[5] The

the filing of the petition, or (B) excepting the debt from discharge would impose an undue hardship. See 11 U.S.C. § 523(a)(8) (1993). In 1998, however, Congress eliminated the seven-year rule in all cases filed after October 7, 1998. See 11 U.S.C. § 523(a)(8) (Supp. 1999); Higher Education Amendments of 1998, Pub.L. No. 105–244, Title IX, § 971(a), 112 Stat. 1581, 1837 (1998). This amendment does not affect the present case.

3. The BAP relied on the case of Bruning v. United States, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), to hold that post-petition interest on a nondischargeable student loan is nondischargeable. Under the Bankruptcy Code, creditors are not entitled to include un-matured or post-petition interest as part of their claims in the bankruptcy proceeding and cannot collect such interest from the bankruptcy estate. See 11 U.S.C. § 502(b)(2). In Bruning, which was decided prior to the enactment of the Bankruptcy Code, the Court considered the nondischargeability of post-petition interest on a nondischargeable tax debt. The Court held that although post-petition interest on the nondischargeable tax debt could not be paid by the bankruptcy estate, it survived bankruptcy and could be recovered personally from the debtor after the bankruptcy proceedings were complete. See Bruning, 376 U.S. at 361, 84 S.Ct. 906. The Court reasoned that because Congress made the tax debt nondischargeable, post-petition interest on that debt would also be nondischargeable because the interest is "an integral part of a continuing debt." Id. at 360, 84 S.Ct. 906. The BAP in this case applied the reasoning set forth in Bruning to hold that post-petition interest on nondischargeable student loan debts survives bankruptcy and remains a personal liability of the debtor.

4. Although we need not decide the issue of whether post-petition interest on a student loan is dischargeable because Great Lakes has waived its right to collect such interest by failing to object to the plan's discharge provision or to appeal the confirmation order, the

clear weight of authority appears to support the BAP's conclusion that post-petition interest on a student loan debt is nondischargeable. Several other circuits have held that Bruning remains good law after the enactment of the Bankruptcy Code. See Johnson v. IRS (In re Johnson), 146 F.3d 252, 260 (5th Cir.1998); Leeper v. Pennsylvania Higher Educ. Assistance Agency, 49 F.3d 98, 101–02 (3d Cir.1995); Fullmer v. United States (In re Fullmer), 962 F.2d 1463, 1468 (10th Cir. 1992); In re Burns, 887 F.2d 1541, 1543 (11th Cir.1989); Hanna v. United States (In re Hanna), 872 F.2d 829, 831 (8th Cir.1989). Furthermore, several courts have applied Bruning in the context of student loans to hold that post-petition interest on student loans is nondischargeable. See Leeper, 49 F.3d at 105; Wagner v. Ohio Student Loan Comm'n (In re Wagner), 200 B.R. 160, 163 (Bankr.N.D.Ohio 1996); In re Sullivan, 195 B.R. 649, 652 (Bankr.W.D.Tex.1996); In re Shelbayah, 165 B.R. 332, 337 (Bankr.N.D.Ga.1994); Ridder v. Great Lakes Higher Educ. Corp. (In re Ridder), 171 B.R. 345, 347–48 (Bankr.W.D.Wis.1994); Jordan v. Colorado Student Loan Program (In re Jordan), 146 B.R. 31, 32–33 (D.Colo.1992). But see In re Wasson, 152 B.R. 639, 641–42 (Bankr.D.N.M.1993).

5. The plan provided for the payment of the Pardees' student loan debt as follows:

e. Education Loan(s): The Debtor has two separate obligations for their student loans which are as follows:
(1) ...
(2) **Great Lakes Higher Education**, 2401 International Way, Madison WI 53704 in the amount of $26,235.00. This obligation was incurred by Robert McKnight Pardee and in default. Great Lakes Education shall be paid through the Plan and Great Lakes Higher Education shall receive the total amount of $26,235.00 for its claim and any remaining unpaid amounts, if any, including any claims for interest, shall be discharged by the Plan.

Pardees placed language in their plan that, if confirmed, would clearly have a negative impact on Great Lakes' ability to collect post-petition interest. Great Lakes had notice of the plan and of this discharge provision, yet it failed to file an objection to the plan. Great Lakes clearly failed to take an active role in protecting its own interests. It now takes the position that the discharge provision contained in the Pardees' plan violated 11 U.S.C. §§ 523(a)(8) and 1328(a)(2) because it purported to discharge student loan debt without addressing the two exceptions to the nondischargeability of student loan debt set forth in § 523(a)(8). However, Great Lakes should have raised this argument in the bankruptcy court by objecting to the plan prior to its confirmation, or by appealing the bankruptcy court's confirmation of the plan. It failed to do either.

The Tenth Circuit recently rejected a student loan creditor's post-confirmation attempt to challenge a discharge provision contained in a confirmed Chapter 13 plan. *See Andersen v. UNIPAC–NEBHELP (In re Andersen)*, 179 F.3d 1253 (10th Cir. 1999). In *In re Andersen*, the debtor's confirmed Chapter 13 plan included a provision which purported to discharge the balance of an unpaid student loan. *See id.* at 1254. The creditor failed to object to or appeal the bankruptcy court's confirmation order. *See id.* The Tenth Circuit concluded that the debt was discharged by the creditor's failure to challenge the plan during the bankruptcy proceedings, along with the res judicata effect of the confirmed plan and strong policy favoring the finality of confirmation orders. *See id.* at 1259. The court stated, "[a] creditor cannot simply sit on its rights and expect that the bankruptcy court or trustee will assume the duty of protecting its interests." *Id.* at 1257. The court continued, "it is absolutely incumbent upon a creditor to take an active role in protecting its interests, and a creditor which fails to do so is in a poor position to later complain about an adverse result." *Id.* The court stated that "[a]l-

Excerpts of Record at 39 (emphasis added).

though the provision at issue did not comply with the Code, it is now too late for [the creditor] to make the argument" that it failed to timely raise in the bankruptcy proceedings. *See id.* at 1259.

We agree with the Tenth Circuit. If a creditor fails to protect its interests by timely objecting to a plan or appealing the confirmation order, "it cannot later complain about a certain provision contained in a confirmed plan, even if such a provision is inconsistent with the Code." *Id.* at 1258. This court has recognized the finality of confirmation orders even if the confirmed bankruptcy plan contains illegal provisions. *See Trulis v. Barton*, 107 F.3d 685, 691 (9th Cir.1995) ("Once a bankruptcy plan is confirmed, it is binding on all parties and all questions that could have been raised pertaining to the plan are entitled to res judicata effect.... Since the plaintiffs never appealed the bankruptcy court's confirmation order, the order is a final judgment and plaintiffs cannot challenge the bankruptcy court's jurisdiction over the subject matter.") (citations omitted); *Lawrence Tractor Co. v. Gregory (In re Gregory)*, 705 F.2d 1118, 1121 (9th Cir.1983) (declining to consider the legality of a confirmed Chapter 13 plan because "[t]he order confirming the plan has become final. [The creditor's] failure to raise this objection at the confirmation hearing or to appeal from the order of confirmation should preclude its attack on the plan or any provision therein as illegal in a subsequent proceeding."); *see also Ground Sys., Inc. v. Albert (In re Ground Sys., Inc.)*, 213 B.R. 1016, 1020 (B.A.P. 9th Cir.1997); *In re Andersen*, 179 F.3d at 1258; *In re Szostek*, 886 F.2d 1405, 1409–10 (3d Cir. 1989); *Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1049–50 (5th Cir.1987); *In re Walker*, 128 B.R. 465, 468 (Bankr.D.Idaho 1991). *But see In re Escobedo*, 28 F.3d 34, 35 (7th Cir.1994) (confirmed plan that

failed to comply with Bankruptcy Code's requirements was "nugatory" and not res judicata); *Ridder v. Great Lakes Higher Educ. Corp. (In re Ridder),* 171 B.R. 345 (Bankr.W.D.Wis.1994) (holding that the student loan creditor did not waive its right to collect post-petition interest on student loan debt by failing to object to confirmation of Chapter 13 plan that denied post-petition interest).

We find no reason to depart from the well-settled policy that confirmation orders are final orders that are given preclusive effect. Regardless of whether the plan should have been confirmed with the discharge provision, the BAP was correct in holding that, "the Plan is res judicata as to all issues that could have or should have been litigated at the confirmation hearing." *In re Pardee,* 218 B.R. at 925. Thus, under the particular facts of this case, the well-settled policy recognizing the finality of confirmation orders along with Great Lakes' failure to protect its interests during the bankruptcy proceedings weigh in favor of affirmance.[6]

Accordingly, the judgment of the BAP is AFFIRMED.

6. We do not address any of the public policy concerns that might impact the dischargeabil-ity of such obligations as alimony or child support.