In re Melee FOROSS and David
Foross, Debtors.

County of Sacramento, Appellant,

v.

David Foross, Appellee.

BAP No. EC–98–1832–BMaR.
Bankruptcy No. 97–25921–A–13.
Adversary No. 98–2325 A.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted Oct. 21, 1999.

Decided Nov. 30, 1999.

Carol Monahan, Office of the District
Attorney, Bureau of Family Support, Sac-
ramento, CA, for County of Sacramento.

Before BRANDT, RUSSELL, and
MARLAR, Bankruptcy Judges.

## OPINION

BRANDT, Bankruptcy Judge.

After trial, the bankruptcy court entered judgment in favor of appellant County of Sacramento ("the County"), finding debtor's obligations to appellant nondischargeable pursuant to § 523(a)(5)[1] as child support arrears. The bankruptcy court also found post-petition interest on the support arrears to be dischargeable. The County appeals the latter; we REVERSE.

## I. FACTS

On 26 November 1996 the County obtained a default judgment for $5,607.00 against debtor David Foross for reimbursement of Aid to Families with Dependent Children benefits paid to Melee Foross and the debtors' two minor children. The judgment included a provision for the accrual of statutory interest.

On 18 April 1997 David and Melee Foross filed a chapter 13 bankruptcy petition. The County filed a claim in debtors' bankruptcy for $5,667.65, including interest.

Debtors then filed an adversary proceeding against the County, seeking a determination that the debt was dischargeable. At trial, on stipulated facts, the bankruptcy court found that the County's

1. Absent contrary indication, all section and chapter references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

claim, including interest to the petition date, was nondischargeable under § 523(a)(5), and that post-petition interest on the judgment was dischargeable. The County timely appealed, assigning error to the interest determination. The debtors did not file a brief or appear at oral argument.

## II. ISSUE

Whether the bankruptcy court erred in concluding that post-petition interest on nondischargeable child support debt is dischargeable.

## III. STANDARD OF REVIEW

■ We review conclusions of law, including the bankruptcy court's interpretation of the Bankruptcy Code, de novo. *Great Lakes Higher Education Corp. v. Pardee (In re Pardee)*, 218 B.R. 916, 919 (9th Cir. BAP 1998), *aff'd*, 193 F.3d 1083 (9th Cir.1999) (citations omitted).

## IV. DISCUSSION

■ Spousal and child support obligations are excepted from discharge in chapter 13 by § 1328(a)(2) and § 523(a)(5). The Code is silent on the dischargeability of post-petition interest on those obligations. The bankruptcy court concluded that, while debtor's obligation to the County was nondischargeable, the interest that accrued post-petition on that debt was dischargeable. The authorities are to the contrary.

We recently held that post-petition interest on nondischargeable student loans is nondischargeable. *See Pardee*, 218 B.R. at 919–21. We relied on *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), decided under the Bankruptcy Act, in which the Supreme Court held post-petition interest on a nondischargeable tax debt remained a personal liability of the taxpayer. The court reasoned:

> one would assume that Congress, in providing that a certain type of debt should survive bankruptcy proceedings as a personal liability of the debtor, intended personal liability to continue as to the interest on that debt as well as to its principal amount. . . . In most situations, interest is considered to be the cost of the use of the amounts owing a creditor and an incentive to prompt repayment and, thus, an integral part of a continuing debt. . . . [L]ogic and reason indicate that post-petition interest on a tax claim excepted from discharge . . . should be recoverable in a later action against the debtor personally, and there is no evidence of any congressional intent to the contrary.

*Bruning*, 376 U.S. at 360, 84 S.Ct. 906.

Our opinion in *Pardee* concluded that *Bruning* retained continuing vitality, noting that five circuit courts had held that it remained good law under the Bankruptcy Code. *Pardee*, 218 B.R. at 921. We found no reason to limit *Bruning* to nondischargeable tax debts, and thus concluded that post-petition interest on a nondischargeable student loan debt is nondischargeable under the Code. *Id.*

As noted, our opinion in *Pardee* was recently affirmed by the Ninth Circuit Court of Appeals. Although the Circuit declined to determine whether post-petition interest on a student loan is dischargeable, it noted in dicta that "the clear weight of authority appears to support the BAP's conclusion that post-petition interest on a student loan is nondischargeable." *Pardee*, 193 F.3d 1083, 1085, n. 4.

*Pardee's* reasoning has been extended to nondischargeable support obligations. *See Jacobson v. Jacobson (In re Jacobson)*, 231 B.R. 763 (Bankr.D.Ariz.1999). *See also In re Slater*, 188 B.R. 852, 856 (Bankr. E.D.Wash.1995) and *In re Crable*, 174 B.R. 62, 63–64 (Bankr.W.D.Ky.1994) (post-petition interest on nondischargeable child support arrearages continues to accrue during the pendency of chapter 13 proceeding and survives discharge).

694

We see no reason to treat post-petition interest on support obligations differently from interest on nondischargeable taxes or student loans. *See Pardee*, 218 B.R. at 929 (Klein, J., concurring) (noting in dicta that post-petition interest on alimony and support debts is nondischargeable). The principles articulated in *Bruning* are as valid for support debt as for any other nondischargeable debt. Regardless of the nature of the underlying obligation, interest represents the cost of the debtor's use of the amounts owed to a creditor and should thus be treated as "an integral part of a continuing debt." *Bruning*, 376 U.S. at 360, 84 S.Ct. 906.

## V. CONCLUSION

The bankruptcy court erred in concluding that post-petition interest on nondischargeable child support obligations is dischargeable. Under *Bruning* and *Pardee*, unpaid post-petition interest on nondischargeable debt survives discharge. We REVERSE.