In re William M. MILLER, Debtor.

William M. Miller, Plaintiff,

v.

United States of America, through its Department of Treasury Internal Revenue Service; and State of California, through its State Board of Equalization, Defendants.

Bankruptcy No. 3–89–04281–TC.
Adversary No. 00–3–077–TC.

United States Bankruptcy Court,
N.D. California.

Oct. 3, 2000.

Iain A. Macdonald, Kaipo K.B. Young, Macdonald & Associates, San Francisco, CA, for Plaintiff William M. Miller.

Bill Lockyer, Attorney General, Julian O. Standen, Deputy Attorney General, California State Board of Equalization, San Francisco, CA, for Defendant California State Board of Equalization.

Robert S. Mueller, III, United States Attorney, Jay R. Weill, Assistant United States Attorney, Thomas R. Mackinson, Special Assistant U.S. Attorney Internal Revenue Service, San Francisco, CA, for Defendant The United States of America, Department of Treasury, Internal Revenue Service.

## OPINION

THOMAS E. CARLSON, Bankruptcy Judge.

Debtor seeks to bar taxing authorities from collecting otherwise nondischargeable debts on the basis that his chapter 11 plan provides for their discharge and that principles of *res judicata* require all plan terms to be fully enforced. The requested relief is denied because the plan did not provide clearly enough for the discharge of nondischargeable debts.

## FACTS

Debtor filed a petition under chapter 11 of the Bankruptcy Code on December 20, 1989. In January 1994, he filed a chapter 11 plan that provided for full payment of allowed priority tax claims over five years with interest from the date of confirmation. The amount of the allowed claims of the Internal Revenue Service (IRS) and California State Board of Equalization (SBE) were fixed by stipulation.

Article XI of the plan, entitled "DISCHARGE AND INJUNCTION," provides:

> Except as otherwise provided in the Confirmation Order or this Plan, the Confirmation Order will act as a discharge and termination, as of the Effective Date, of any and all liabilities and debts of, and claims against the Debtor that arose at any time before the Confirmation Order, including any interest accrued on such claims from and after the Petition Date or interest which would have accrued but for the commencement of this Reorganization Case, against the Debtor. The discharge of the Debtor will be effective as to any claim, regardless of whether a proof of claim or interest thereof was scheduled or filed, whether the claim is an Allowed Claim,

or whether the holder of thereof votes to accept or reject this Plan.

Except as otherwise provided in this Plan, on the Effective Date, all entities shall be precluded from asserting against the Debtor any other or further debts or interests based upon any act, omission, transaction, or other activity of any kind that occurred prior to the Confirmation Date, all of which debts and interests shall be conclusively deemed released and discharged, as provided in 11 U.S.C. 524 and 1141, and such discharge shall void any judgement against the Debtor at any time obtained to the extent that it relates to a claim discharged.

Neither the IRS nor the SBE objected to confirmation. The plan was confirmed on April 4, 1994. Neither the IRS nor the SBE appealed the Confirmation Order.

After Debtor made all payments required under the plan, the IRS and the SBE attempted to collect penalties and interest for the four-year gap period between the petition date and the confirmation date, which was not part of their allowed claims. Debtor filed this action to obtain a determination that the gap period obligations were discharged under the plan. Presently before the court is Debtor's motion for summary judgment in that action.

## DISCUSSION

■ An individual chapter 11 debtor is generally liable for post-petition, preconfirmation interest on a priority tax claim even after the allowed claim is paid in full through the chapter 11 plan. A chapter 11 plan must pay the allowed amount of all priority tax claims with interest from the date of confirmation. 11 U.S.C. § 1129(a)(9)(C). The allowed amount of the claim does not include postpetition, preconfirmation interest. 11 U.S.C. § 502(b)(2). In a case involving an individual, the confirmation of a chapter 11 plan does not discharge debts excepted from discharge under section 523(a). 11 U.S.C. § 1141(d)(2). Priority tax claims are ex-

cepted from discharge under section 523(a). 11 U.S.C. § 523(a)(1). The Ninth Circuit has held that postpetition, preconfirmation interest is part of the nondischargeable debt even though it is not part of the allowed claim against the bankruptcy estate. *In re Artisan Woodworkers*, 204 F.3d 888 (9th Cir.2000) (citing *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964)).

■ The Ninth Circuit has also held, however, that a plan providing for the discharge of debts that the Bankruptcy Code excepts from discharge must be enforced if no appeal is taken from the confirmation order. *In re Pardee*, 193 F.3d 1083 (9th Cir.1999); *accord Trulis v. Barton*, 107 F.3d 685, 691 (9th Cir.1995). In *Pardee*, the debtor's chapter 13 plan provided for payment of a fixed sum to a student loan creditor. The plan also provided "any remaining unpaid amounts, if any, including any claims for interest, shall be discharged by the Plan." *Pardee*, 193 F.3d at 1085 n. 5. The affected creditor did not object to confirmation or appeal the confirmation order. When the affected creditor later attempted to collect postpetition interest on the claim, the bankruptcy court granted the debtor's motion to enjoin further collection efforts. The Ninth Circuit affirmed. The court acknowledged that the claim for postpetition interest was probably nondischargeable by statute. *Id.* at 1085 n. 4. Nonetheless, the court held that the plan provision discharging the debt was enforceable under principles of *res judicata*, because the affected creditor had not appealed the order confirming the plan. *Id.* at 1086–87.

In the present case, Debtor contends that the plain language of Article XI of the plan provides for discharge of the gap period obligations to the IRS and the SBE. He acknowledges that those obligations were not part of the allowed claims of the IRS and the SBE, and were therefore not paid through the plan. He further acknowledges that the Bankruptcy Code pro-

vides that confirmation of a plan does not discharge such claims. Relying upon *Pardee*, however, Debtor argues that the provision of the confirmed plan discharging the gap period claims is enforceable under principles of *res judicata*.

The IRS and the SBE do not dispute that the provisions of the plan are *res judicata*, but contend that Article XI does not provide for the discharge of their gap period claims. They contend that Article XI is ambiguous and that this ambiguity should be construed against Debtor.

■■■ It is well established that a chapter 11 plan is a contract between the debtor and its creditors that is subject to the general rules governing the interpretation of contracts under the law of the state in which the plan was confirmed. *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 588 (9th Cir.1993); *In re Bartleson*, 253 B.R. 75, 78–79 (9th Cir. BAP 2000); *In re Affordable Housing Development Corporation*, 175 B.R. 324, 329 (9th Cir. BAP 1994). Whether a contract is ambiguous is a question of law. *In re Stratford of Texas, Inc.*, 635 F.2d 365, 368 (5th Cir.1981); *Jones–Hamilton Co. v. Beazer Materials & Services, Inc.*, 973 F.2d 688 (9th Cir.1992).

■■ The plan is ambiguous as to whether it discharges claims for postpetition interest that would ordinarily be nondischargeable. On the one hand, the first paragraph of Article XI states that confirmation of the plan acts as a discharge of all preconfirmation claims, including claims for postpetition interest. This paragraph clearly covers the gap claims of the IRS and the SBE. Moreover, by referring to all debts, rather than all dischargeable debts, this paragraph can be read to extend the discharge to debts that would be nondischargeable under sections 523(a) and 1141(d)(2). On the other hand, the second paragraph of Article XI states all debts arising before confirmation shall be discharged "as provided in 11 U.S.C. 524 and 1141 . . . ." This language can easily be

read to limit the scope of discharge to that provided by section 1141(d)(2). Thus, the entire discharge provision can be interpreted as merely restating the law regarding the effect of discharge, a type of provision included in many chapter 11 plans.

The ambiguity in Debtor's plan cannot be resolved through the doctrine that a contract must be construed as a whole to give effect to all parts. Cal. Civil Code § 1641. If the language providing for the discharge of postpetition interest would be deprived of all meaning if it were not applied to the debts owed the IRS and the SBE, this court might be compelled to resolve the ambiguity in favor of Debtor. Such is not the case. The language in question is contained in a general provision regarding discharge, not in the provisions defining the treatment of the IRS and the SBE claims. Thus, the language will still operate to discharge claims for postpetition interest on dischargeable debts, even if it is construed not to apply to debts excepted from discharge.

The language in Debtor's plan is very different from the plan provision at issue in *Pardee*. In that case, the language providing for the discharge of all claims for postpetition interest was in the provision defining the treatment of the student loan creditor who later attempted to collect postpetition interest. In *Pardee*, the plan provided in relevant part:

> **Greater Lakes Higher Education,** 2401 International Way, Madison WI 53704 in the amount of $26,235.00. This obligation was incurred by Robert McKnight Pardee and [is] in default. Great Lakes Education shall be paid through the Plan and *Great Lakes Higher Education shall receive the total amount of $26,235.00 for its claim and any remaining unpaid amounts, if any, including any claims for interest, shall be discharged by the Plan.*

*Pardee*, 193 F.3d at 1085 n. 5. In the present case, the provisions defining the treatment of the IRS and the SBE contain

no language regarding the discharge of claims for postpetition interest.[1]

■ The ambiguity in the plan should be resolved against the Debtor because Debtor drafted the plan. California law provides than an ambiguous contractual provision should be construed against the party responsible for the ambiguity. Cal. Civil Code § 1654; *Weeshoff Constr. Co. v. Los Angeles County Flood Control Dist.,* 88 Cal.App.3d 579, 152 Cal.Rptr. 19, 23 (1979). Some bankruptcy court decisions apply the same rule in interpreting chapter 11 plans without expressly relying upon state law. *In re Maruko, Inc.,* 200 B.R. 876, 881 (Bankr.S.D.Cal.1996); *In re Harstad,* 155 B.R. 500, 510–11 (Bankr. D.Minn.1993). This rule has extra force where the contract has been drafted by an attorney. *Mayhew v. Benninghoff,* 53 Cal. App.4th 1365, 62 Cal.Rptr.2d 27, 30 (1997). For the purpose of Debtor's motion for summary judgment, I must assume that the plan was drafted by Debtor's counsel.[2]

The ambiguity in the plan should also be construed against Debtor because Debtor seeks to enforce what is in substance the waiver of a statutory right. Congress has provided through section 1141(d)(2) that confirmation of a chapter 11 plan does not discharge a debt excepted from discharge under section 523(a). Debtor urges an interpretation of the plan that would make that statute inapplicable.

■ California courts have held that a contract providing for the waiver of a statutory right will be enforced only if the waiver language is so clear that the intention to waive the right is unmistakable.

The first principles of waiver buttress our conclusion. Waiver is the intentional relinquishment of a *known* right. "The burden is on the party claiming the waiver to prove it by clear and convincing evidence that 'does not leave the matter doubtful or uncertain ....'" Waiver requires " 'sufficient awareness of the relevant circumstances and likely consequences.' "

These principles emphasize actual knowledge and awareness of what is being waived, and require resolution of doubts against waiver.

*Cathay Bank v. Lee,* 14 Cal.App.4th 1533, 18 Cal.Rptr.2d 420, 423–24 (1993) (citations omitted).

The plan provision in question is not sufficiently clear to override section

---

**1.** Article IV of Debtor's confirmed plan provides for the following treatment of the priority claims of the IRS and the SBE:

**Internal Revenue Service.** A payment equal to fifty percent (50%) of its total Allowed Claim on the Effective Date; the balance payable in sixty (60) equal monthly installments, commencing on the first day of the second month following the Effective Date. The unpaid balance of said claim shall bear interest at the rate of six percent per annum, which interest shall accrue and be paid with the final payment.

**State of California, Board of Equalization.** A payment equal to twenty five percent (25%) of $175,000 on the Effective Date; the balance payable in sixty (60) equal monthly installments, commencing on the first day of the second month following the Effective Date. The unpaid balance of said claim shall bear interest at the rate of six percent per annum, which interest shall accrue and be paid with the final payment.

**2.** Debtor argues in his reply brief that ambiguities should not be resolved against him as the drafter of the plan, because the treatment of the IRS and the SBE claims was actively negotiated by the parties. California cases do recognize that where contract terms are actively negotiated, neither party should be considered the drafter. *Dunne & Gaston v. Keltner,* 50 Cal.App.3d 560, 123 Cal.Rptr. 430, 432 n. 3 (1975); *Indenco, Inc. v. Evans,* 201 Cal.App.2d 369, 20 Cal.Rptr. 90, 94 (1962). Debtor's motion for summary judgment, however, is not supported by any evidence supporting this contention. Debtor's moving papers argue only that the plain language of Article XI clearly provides for the discharge of the gap period claims of the IRS and the SBE. More important, Debtor submitted no declarations or other evidence regarding the extent or content of any negotiations between the parties.

1141(d)(2) under this standard.[3] In *Cathay Bank*, the court held that the purported waiver was insufficient because it neither identified the right to be waived by citation to the applicable statute, nor did it explain the substance of the right to be waived. *Cathay Bank*, 18 Cal.Rptr.2d at 424–25. The plan language at issue here contains the same flaws. It does not state that section 1141(d)(2) is not to apply. Nor does it state expressly that confirmation of the plan will discharge debts that would otherwise be nondischargeable. Rather, Debtor relies upon the omission of the single word "dischargeable" in a provision that otherwise appears only to restate sections 1141 and 524. This is not the unambiguous language necessary to override the provisions of section 1141(d)(2).

Debtor's motion for summary judgment is denied.

---

**3.** Neither *Pardee* nor *Trulis* address the standard for determining whether a plan provision overriding the statutory limits on discharge is sufficiently clear to be enforceable. It does not appear that the creditor raised the issue in either case, as neither decision addresses the issue. In each case, the Ninth Circuit states summarily that the plan provision in question is clear. *Pardee,* 193 F.3d at 1085–86; *Trulis,* 107 F.3d at 691.