In re Roy and Julie CRUMRINE, Debtors.

Roy and Julie Crumrine, Plaintiffs,

v.

Patricia and Michael Blum, et al., Defendants.

Bankruptcy No. 98–13599.
Adversary No. 00–1230.

United States Bankruptcy Court, N.D. California.

March 22, 2001.

Michael C. Fallon, Law Offices of Michael C. Fallon, Santa Rosa, CA, for debtors.

Michael H. Meyer, Santa Rosa, CA, trustee.

### Memorandum of Decision

ALAN JAROSLOVSKY, Bankruptcy Judge.

There are no disputed facts in this case. Defendants Michael and Patricia Blum are

the parents of debtor Julie Crumrine. Prior to the Crumrines' bankruptcy filing, the Blums had sued the Crumrines in state court and recorded a *lis pendens* against the Crumrines' home, alleging that money wrongfully taken from them had been used to buy the home. In a decision which was not final at the time of the bankruptcy filing, the state court had ruled that the home had not been purchased with the Blums' money but that $32,000.00 in mortgage payments had been made with their money.

The bankruptcy was originally filed as a Chapter 7 and subsequently converted to Chapter 13. In actions fully documented in a separate adversary proceeding, the Blums elected to ignore the Chapter 13 proceedings. Despite full notice and actual knowledge of the conversion and confirmation of a plan, the Blums took no action to contest the plan until after it was too late to set it aside.

This adversary proceeding centers around the *lis pendens* recorded by the Blums against the Crumrines' home. The Crumrines allege that the lis pendens was improperly recorded, and must be expunged. They also allege that the failure of the Blums to voluntarily remove the *lis pendens* is a continuing violation of the automatic stay. Both sides seek summary judgment.

The court sees the issue quite differently from the Crumrines. They argue that the court should apply state law to find that the lis pendens is improper and order its expungement, even though it was not recorded as part of litigation pending in this court. However, the true issue is whether under federal bankruptcy law any prepetition interest of the Blums survived the confirmation of the Crumrines' plan. If it did not, the court has the power to issue declaratory relief that the Blums have no right, title or interest in the property after confirmation. This determination would supercede the *lis pendens*, not expunge it.

It seems clear that the Blums had a strong claim to a constructive trust against the Crumrine home to recover the $32,000.00 of their money used by the Crumrines to make mortgage payments. However, it also seems clear that their failure to press their claim before confirmation of the plan was fatal. The plan, which calls for payments of $2,000.00 per month for 60 months and 100% payment of allowed claims, makes no other provision for the Blums. Section 1327 of the Bankruptcy Code provides:

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, *the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.* [Emphasis added]

Thus, the Blums do not have an enforceable interest in the Crumrines' home not because the lis pendens was improperly recorded under state law but because confirmation of the Chapter 13 plan revested the home in the Crumrines free and clear of the Blums' interest. The plan is res judicata as to all issues that could have or should have been litigated at the confirmation hearing. *In re Pardee,* 193 F.3d 1083, 1087 (9th Cir.1999).

The court finds no merit to the allegations that the Blums violated the automatic stay by failing to voluntarily remove the *lis pendens*.[1] It is certainly true that a continuing act, such as failure to turn over repossessed property, may be a violation of the automatic stay even if the property was repossessed pre-petition. *In re Del Mission Ltd.*, 98 F.3d 1147, 1151 (9th Cir.1996); *In re Abrams*, 127 B.R. 239, 241–43 (9th Cir. BAP 1991). However, the recording of a lis pendens is not a continuing act. It is a one-time notice. The fact that it may have postpetition *effect* does not make it a postpetition *act*. Therefore, failure to remove it does not result in violation of the automatic stay.

For the foregoing reasons, the court will enter a judgment declaring that the Blums no longer have any right, title or interest in the Crumrines' home, and permanently enjoining them from asserting any such interest. The Crumrines shall take nothing by their claim that the Blums violated the automatic stay. Each side shall bear its own attorneys' fees and costs. Counsel for the Crumrines shall prepare an appropriate form of order granting each side's motion for summary judgment in part, and a form of judgment consistent with this Memorandum.

---

**1.** In this circuit, the *postpetition* recording of a lis pendens violates the automatic stay. *In re Edwards*, 214 B.R. 613 (9th Cir. BAP 1997). However, the rule may different in other circuits. *See In re Knightsbridge Development Co.*, 884 F.2d 145, 148 (4th Cir.1989). The court has found no case in which a *prepetition* lis pendens has been found to be the basis for a violation of the stay.