In re Marjorie Ann GUINDON, James
Guy Guindon, and Past Times
Antiques, Debtors.

Marjorie Ann Guindon, James Guy
Guindon, and Past Times
Antiques, Appellants,

v.

Ventura Bancorp, a California corpora-
tion; Lindsay Nielson, State Court
Receiver for CCF Income Fund and
Equivest, California limited partner-
ships; Richard H. Beguelin, Trustee
of the Beguelin Family Trust; Bruce
A. Olson, D.P.M., Inc., Pension Trust,
Appellees.

No. 99–56818.
BAP No. CC–98–01918–BCMe.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2001.

Decided June 15, 2001.

Before D.W. NELSON, FERNANDEZ,
and RYMER, Circuit Judges.

MEMORANDUM *

Marjorie Ann Guindon and James Guy
Guindon (Guindons) appeal the Bankrupt-
cy Appellate Panel's (BAP) decision af-
firming the bankruptcy court's judgment
in favor of CCF Income Fund, Equivest,
Bruce A. Olson, D.P.M., Inc. Pension Trust
and Richard H. Beguelin Family Trust
(Creditors). We have jurisdiction, 28
U.S.C. § 158(d); 28 U.S.C. § 1291, and we
affirm.

█ The Guindons raise a number of
arguments, all of which boil down to this:
that their Chapter 13 Plan provided for
the Creditors' claim, thus satisfying the

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts

of this circuit except as provided by 9th Cir.
R. 36–3.

Guindons' debt in full by transfer of their residential property. We disagree, essentially for reasons stated by the bankruptcy court. The Plan did not mention the commercial property or the Creditors' lien on it, nor did it indicate how the Guindons would retain that property free and clear of the Creditors' secured interest. Therefore, whether or not the Plan provided for the Creditors' claim, it did not "provide for" the lien interest against the commercial property. *See Lawrence Tractor Co. v. Gregory,* 705 F.2d 1118, 1122 (9th Cir. 1983). In these circumstances, as both BAP and the bankruptcy court held, the Creditors' lien in the commercial property was not extinguished by confirmation of the Plan and passed through it unaffected. *See Dewsnup v. Timm,* 502 U.S. 410, 418, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). *Great Lakes Higher Educ. Corp. v. Pardee (In re Pardee),* 193 F.3d 1083 (9th Cir. 1999), does not require a different result because in *Pardee,* unlike here, the plan contained a provision that expressly purported to discharge the particular debt.

■ The bankruptcy court did not err in rejecting the Guindons' satisfaction theory in the adversary proceeding. The Plan did not specifically provide for release of the Creditors' lien on the commercial property in exchange for the residential property. Absent any property values in the Plan, or in evidence, the court did not clearly err in finding that the Creditors' claim ($230,000) was not treated fairly and equitably by tender of the residential property on which Creditors held a third trust deed behind more than $150,000 of debt in default.

AFFIRMED.