**In re Milliletti FORREST, Debtor.**

**No. 09 B 20874.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Sept. 16, 2009.

Robert J. Semard & Associates (Nicholas R. Perino), for Movant or Plaintiff.

Fisher and Shapiro (Michael J. Kalkowski), for Respondent or Defendant.

Tom Vaughn, Chapter 13 Trustee, for Trustee or Other Attorneys.

### MEMORANDUM OPINION SUSTAINING LITTON'S OBJECTION TO CHAPTER PLAN

JACK B. SCHMETTERER, Bankruptcy Judge.

### BACKGROUND

Milliletti Forrest filed a Chapter 13 bankruptcy petition on June 8, 2009. The schedules of Ms. Forrest indicate that Litton Loan Servicing has two mortgages on her residence, the second of which is asserted to be wholly unsecured because the property value is low. Forrest filed a Modified Chapter 13 Plan on August 25, 2009, which provides that, "[d]ue to the lack of equity in Debtor's primary residence located at 116 West 126th Place, Litton Loan Servicing's second lien is stripped from the property and will be paid as an unsecured creditor." Modified Chapter 13 Plan, dated 08/25/09 ¶ G.4 ("the Plan").

The question presented here is whether a debtor may strip off a junior mortgage that is allegedly wholly unsecured through a Chapter 13 Plan, rather than through an adversary proceeding. It is held here that the debtor may not strip off the junior mortgage through the Plan because the Bankruptcy Code, the Bankruptcy Rules, and the Constitution require her to file an adversary proceeding to do so, and be-

cause her pleading quoted above is insufficient to be considered for default purposes.

Litton filed a written objection to the Debtor's original Plan on a separate issue, but at the confirmation hearing its counsel made an oral objection to the lien stripping provision in the Amended Plan.

In this District, as in many other jurisdictions, a form Chapter 13 Plan is provided for use by counsel and the terms and conditions to be included may be applied to the form. It is common that such Plans provide extensive financial details. It is not common that they include provisions in the nature of declaratory judgments that purport to adjudicate legal issues between parties if the Plan is confirmed. This is the first such effort that has been brought to attention of the undersigned.

As Seventh Circuit Panel observed in preventing a student loan from being discharged by a similar tactic in *In re Hanson*, 397 F.3d 482, 484 (2005), "Apparently the hope is that an unsuspecting bankruptcy court will confirm the plan and that the lender will not recognize the … ploy in time to object to confirmation or to file an appeal."

### DISCUSSION

**I. Forrest Must File an Adversary Proceeding to Strip Off Litton Loan Servicing's Junior Mortgage Because the Bankruptcy Code and the Bankruptcy Rules Require an Adversary Proceeding to Avoid a Wholly Unsecured Mortgage**

■ Rule 7001 Fed. R. Bankr.P. requires an adversary proceeding to determine "validity, priority, or extent of a lien or other interest in property" [Rule 7001(2) ] and a proceeding to obtain a declaratory judgment relating to an applicable lien interest [Rule 2001(9) ]. However, the requirement for the adversary proceeding may be waived. *See In re Pence*, 905 F.2d 1107, 1109 (7th Cir.1990) (party

may waive its right to adversary proceeding).

■ It is true that a bankruptcy court may ordinarily value a claim when asked to do so by a motion and proper notice, Fed. R. Bankr.P. 3012. Based on that Rule, it has been held that valuation, without more, is not a determination of the "validity, priority, or extent of a lien that requires an adversary proceeding." *In re King*, 290 B.R. 641, 648 (Bankr.C.D.Ill. 2003) (thus permitting strip off of wholly unsecured mortgage through the Chapter 13 plan confirmation process). But that opinion cannot be followed. When a lien is voided as wholly unsecured, the result is the same as if the lien was declared void in an adversary proceeding, and the entire claim is thereby treated as an unsecured claim. Allowing the debtor to avoid a lien through the chapter 13 plan confirmation process would be contrary to the clearly expressed intent in the Bankruptcy Code and the Bankruptcy Rules to protect secured claim holders when their liens are attacked, especially when those holders have mortgages secured by the debtor's principal residence. *See id.* § 1322(b)(2); Fed. R. Bankr.P. 7001; *Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 332, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993) (Stevens, J., concurring). When such a legislative intent is clear, the debtor must prosecute an adversary proceeding to obtain the desired relief. *See In re Hanson*, 397 F.3d 482, 486–87 (7th Cir.2005) (voiding discharge of student loan because debtor did not bring adversary proceeding for undue hardship determination under 11 U.S.C. § 523(a)(8) and Fed. R. Bankr.P. 7001(6)).

*Contra In re Andersen*, 179 F.3d 1253, 1254 (10th Cir.1999), questioned in later 10th Circuit opinion *Poland v. Educ. Credit Mgmt Corp.*, 382 F.3d 1185, at 1188–9 n. 2 (10th Cir.2004) and *In re Pardee*, 193 F.3d 1083 (9th Cir.1999). In *Hanson*, even though the Chapter 13 plan had been

confirmed and the confirmation order was final, the portion granting discharge from a student loan was held not enforceable. The opinion observed:

> "Moreover, cases like *Andersen* and *Pardee* permit debtors to flaunt both substantive and procedural provisions of the Bankruptcy Code and Rules through a meaningless incantation ... on their proposed plans."

*Hanson, Id.,* 397 F.3d at 486.

■ In this case, Forrest seeks to strip off the junior mortgage on her residence through a provision in her Chapter 13 Plan. Her proposed Chapter 13 Plan provides in a sparse provision that, "[d]ue to the lack of equity in Debtor's primary residence located at 116 West 126th Place, Litton Loan Servicing's second lien is stripped from the property and will be paid as an unsecured creditor." Modified Chapter 13 Plan, dated 08/25/09, ¶ G.4. Forrest is seeking to avoid entirely a Litton Loan Servicing mortgage on her primary residence, a relief sought that requires her to file an adversary proceeding. Litton Loan Servicing has not waived its right to that adversary proceeding, and its counsel in open court declined to waive its right to such proceeding. Therefore, under the Bankruptcy Code and the Bankruptcy Rules, she may not strip off Litton Loan Servicing's mortgage through the Plan without filing an adversary proceeding.

**II. Forrest Must File an Adversary Proceeding to Strip Off Litton Loan Servicing's Junior Mortgage Because Due Process Entitles Litton Loan Servicing to the Heightened Notice Provided by Adversary Proceedings**

■ "No person shall ... be deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V. "[D]ue process requires 'notice and the

opportunity for hearing appropriate to the nature of the case' prior to deprivation of property rights." *In re Hanson,* 397 F.3d at 486–87 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). *Hanson* decided that " 'where the Bankruptcy Code and Bankruptcy Rules require a heightened degree of notice, due process entitles a party to receive such notice before an order binding the party will be afforded preclusive effect.' " *Id.* at 486 (quoting *In re Banks,* 299 F.3d 296, 302 (4th Cir.2002)) (student loan debt not discharged when chapter 13 debtor did not file an adversary proceeding because creditor was entitled to heightened notice under 11 U.S.C. § 523(a)(8) and Fed. R. Bankr.P. 7001(6)); *cf. In re Pence,* 905 F.2d at 1110 (no due process violation when chapter 13 plan treatment of secured creditor—release of mortgage in exchange for full payment—did not entitle creditor to heightened notice and creditor had actual notice of the bankruptcy case). *But see contra Espinosa v. United Student Aid Funds, Inc.,* 553 F.3d 1193, 1203–05 (9th Cir.2008) (notice to a student loan creditor of the bankruptcy case itself satisfied due process because the creditor was on constructive or inquiry notice of the contents of the chapter 13 plan).

In this Circuit, therefore, where the Bankruptcy Code and Bankruptcy Rules require the debtor to prosecute an adversary proceeding, the debtor cannot instead include a provision in the Chapter 13 Plan and expect it to bind the creditor. *See In re Hanson,* 397 F.3d at 486.

**III. The Plan Does Not Sufficiently Plead a Plausible Basis for Lien Stripping**

■ The Ninth Circuit opinion on this subject reasoned in part that if a creditor does not respond by objecting to a Chapter 13 plan provision stripping a lien, the issue can be treated as one that is default-

ed. *See Espinosa, Id.,* 553 F.3d at 1203–05. However, even if notice of the Chapter 13 bankruptcy case itself were deemed sufficient to satisfy due process, a debtor must meet the requirements for a default judgment before a lien can be stripped under that theory. Entry of a default judgment is said to be left to the discretion of the trial judge, who may deny the default judgment if there are insufficient facts pleaded to support a cause of action. *In re Zecevic,* 344 B.R. 572, 576 (Bankr. N.D.Ill.2006) (Schmetterer, J.) (*citing Merrill Lynch Mortgage Corp. v. Narayan,* 908 F.2d 246, 252 (7th Cir.1990)); *Mercantile Bank v. Canovas,* 237 B.R. 423, 427 (Bankr.N.D.Ill.1998) (Lefkow, J.).

Under recent Supreme Court opinions, a party must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* —— U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plausibility does not require probability, but does require something "more than a sheer possibility" that the debtor has established a cause of action. *See id.* (citing *Bell Atl. Corp.,* 550 U.S. at 556, 127 S.Ct. 1955).

In this case, Forrest seeks to strip off Litton Loan Servicing's junior mortgage on her residence through a sparsely worded provision in her chapter 13 Plan. Even if Litton Loan Servicing had not objected to this treatment, Forrest has not alleged sufficient facts to support a default judgment. She alleges only that there is no equity in her primary residence; she has not alleged the value of the residence, the amount of each of Litton Loan Servicing's mortgages, or any other liens, or any other facts necessary to establish a plausible case that Litton Loan Servicing's junior mortgage can and should lawfully be stripped off.

## CONCLUSION

Under the Bankruptcy Code, the Bankruptcy Rules, and the Constitution, Forrest may not strip off Litton Loan Servicing's wholly unsecured junior mortgage through a Chapter 13 Plan. Instead, she must file an adversary proceeding.

Because the Bankruptcy Code and Bankruptcy Rules require an adversary proceeding for this relief, Constitutional due process entitles Litton Loan Servicing to the heightened notice through service of summons and complaint in an adversary proceeding. Therefore, Forrest may not constitutionally strip off Litton Loan Servicing's second mortgage through the Plan and must file an adversary proceeding. Finally, the Plan provision involved here cannot be treated as a basis for a default ruling.

Litton's Objection will therefore by separate order be sustained and Confirmation of the Plan dated August 25, 2009 will be denied.