**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLIFFORD JAMES SMITH, | No. 10-55831 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-03716-RGK-AGR |
| v. | |
| CHARTER COMMUNICATIONS, INC. (ST. LOUIS); PAUL ALLEN, Chaiman of the Board Charter Communications, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted September 26, 2011[**]
San Francisco, California

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

Clifford James Smith appeals pro se the district court's order dismissing his

case. Smith's complaint alleged that Paul Allen and Charter Communications,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Inc., violated several different federal securities laws and committed tortious acts of fraud and misrepresentation. We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291. The facts of the case are known to the parties. We repeat them only as necessary.

## I

We review de novo a district court's grant of a motion to dismiss. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We review de novo a district court's interpretation of a consent decree. *Nehmer v. U.S. Dep't of Veterans Affairs*, 494 F.3d 846, 855 (9th Cir. 2007). We also review de novo a district court's determination that a claim is barred by *res judicata*. *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1025 (9th Cir. 2005).

## II

The district court correctly interpreted the scope of the Third Party Release provision (releases) in the Charter reorganization to include Smith's claims. As a former shareholder, Smith was subject to the terms of the reorganization plan even though he did not acquiesce to its terms. 11 U.S.C. § 1141(a). Therefore Smith could not raise his claims because they had been waived by the releases in the reorganization plan.

The district court also correctly held that Smith cannot challenge the validity of the releases or the reorganization plan through a collateral attack. "Once a bankruptcy plan is confirmed, it is binding on all parties and all questions that could have been raised pertaining to the plan are entitled to *res judicata* effect." *Trulis v. Barton*, 107 F.3d 685, 691 (9th Cir. 1995). Where a "creditor fails to protect its interests by timely objecting to a plan or appealing the confirmation order, it cannot later complain about a certain provision contained in a confirmed plan" by bringing a collateral attack in another court. *In re Pardee*, 193 F.3d 1083, 1086 (9th Cir. 1999) (internal quotation marks omitted). Smith did not appeal the confirmation order directly. His challenge to its validity is now barred by *res judicata*. *See Trulis*, 107 F.3d at 691.

Because Smith's claims fall within the scope of the releases, and Smith is barred by *res judicata* from challenging the validity of the releases, the district court correctly dismissed this case for failure to state a claim.

### III

We have reviewed Smith's remaining contentions and determine that they lack merit. Accordingly, the district court's judgment is

AFFIRMED