**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN G. OPPERWALL, | No. 16-17144 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00106-JST |
| v. | |
| BANK OF AMERICA, N.A., | MEMORANDUM* |
| Defendant-Appellee. | |

| | |
|---|---|
| STEPHEN G. OPPERWALL, | No. 16-17178 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00134-JST |
| v. | |
| BANK OF AMERICA, N.A., | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted June 11, 2018[**]
San Francisco, California

Before: SILER,[***] PAEZ, and IKUTA, Circuit Judges.

Plaintiff-appellant Stephen Opperwall appeals the district court's order affirming the bankruptcy court and denying Opperwall's motion to compel discovery as moot.

There is a close nexus between Opperwall's Chapter 13 plan, which "assumes" that Opperwall and Bank of America will enter into a loan modification agreement prior to confirmation, and Opperwall's first amended complaint, which alleges that the parties have entered into such a loan modification. Because Opperwall's complaint is "related to" a case under title 11, *see* 28 U.S.C. § 1334(b); *In re Wilshire Courtyard*, 729 F.3d 1279, 1287 (9th Cir. 2013), the district court had subject matter jurisdiction over his case at the time it entered final judgment, *see Estate of Bishop By & Through Bishop v. Bechtel Power Corp.*, 905 F.2d 1272, 1275 (9th Cir. 1990). We therefore reject Opperwall's challenge to the denial of his motion to remand.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

The bankruptcy court did not abuse its discretion in denying both Opperwall's motion for leave to amend his complaint and his motion to compel discovery responses. *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Opperwall waived any challenge to the bankruptcy court's determination that the Chapter 13 plan has preclusive effect on all issues that he could have raised before confirmation, including the existence and scope of a loan modification agreement; *see United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005). Amending the first amended complaint to allege that the parties entered into the loan modification agreement post-petition rather than pre-petition would not change the res judicata effect of the plan confirmation. *See In re Pardee*, 193 F.3d 1083, 1087 (9th Cir. 1999). For the same reason, the bankruptcy court's denial of Opperwall's motion to compel discovery responses did not prejudice him, as the motion was rendered moot by the bankruptcy court's decision to dismiss the case.[1] *See Hallett*, 296 F.3d at 751.

**AFFIRMED**

---

[1] We deny Opperwall's motion for judicial notice.