**In re Guiseppe LaFORGIA, Debtor.**

**United States of America, Movant,**

**v.**

**Guiseppe LaForgia, Respondent.**

**In re Charles B. Edwards, Patricia Edwards, Debtors.**

**United States of America, Movant,**

**v.**

**Charles B. Edwards, Patricia Edwards, Respondents.**

**Bankruptcy Nos. 5–95– 00036, 5–95–00976.**

United States Bankruptcy Court, M.D. Pennsylvania, Wilkes–Barre Division.

April 19, 1999.

Joseph G. Murray, Wilkes–Barre, PA, for debtors.

Angelo Frattarelli, U.S. Dept. of Justice, Washington, D.C., John A. Morano, Jr.,

Assistant U.S. Attorney, Scranton, PA, for USA.

Charles DeHart, Hummelstown, PA, trustee.

## OPINION

JOHN J. THOMAS, Bankruptcy Judge.

The United States of America, on behalf of its Internal Revenue Service (I.R.S.), has filed Motions to Compel Modification of the Debtors' confirmed Chapter 13 Plan in both of the above-captioned cases.

The procedural history in both the case of Guiseppe LaForgia and that of Charles and Patricia Edwards is similar. Each Debtor proposed a Plan addressing an IRS priority claim. Inasmuch as the IRS did not object, the Plans were confirmed notwithstanding the fact that priority proof of claims filed by the IRS exceeded those amounts provided for it by each Debtor's Plan. In both cases, the Debtors objected to the Proof of Claim by reason of these facts. That Objection was overruled. *In re LaForgia* No. 5–95–00036 and *In re Edwards* No. 5–95–00976, 1998 WL 59480 (Bankr.M.D.Pa. Jan. 21, 1998). The IRS is now asserting that the Plans should be modified "in order to provide for full payment of the IRS allowed priority claim." At the time of a hearing on these Motions, the parties stipulated that the Debtors were unable to pay the full amount of the IRS priority claim as set forth in the Proof of Claim with the inevitable result, if I were to approve such modification, either eventual conversion to Chapter 7 or dismissal.

■ As an unsecured creditor, the IRS has standing to request the modification of the Debtors' confirmed Plans. 11 U.S.C. § 1329(a). Nevertheless, the modification of the Plan should comply with the provisions of § 1325(a). 11 U.S.C. § 1329(b). Section 1325(a)(6) quite logically suggests that a debtor be able to make all payments under the plan and comply with the plan. I would certainly not make such a finding. If I were to exercise my discretion to so modify the plan as requested by the IRS, my inescapable con-

clusion would be that such a modification would render the plan infeasible. While it has been held that the provisions of § 1325(a) are not mandatory, (*In re Szostek*, 886 F.2d 1405, 1411 (3rd Cir.1989), it would be quite absurd for the court to modify a plan in such a way as to doom it. This Court declines to take such ridiculous action.

■ It appears that the IRS is, indirectly, seeking to revoke the confirmed plan after carelessly disregarding the opportunity to object to its confirmation. As our Circuit has advised, the plan can only be revoked for fraud. *In re Fesq*, 153 F.3d 113 (3d Cir.1998). The IRS has made no allegation of fraud. The IRS argues that the Plan must provide for full payment of their Proof of Claim. The Bankruptcy Code, however, specifically authorizes a priority creditor to agree to less than full payment. 11 U.S.C. § 1322(a)(2). The failure to object to the plan raises the presumption that the IRS has accepted its terms. *In re Szostek*, 886 F.2d 1405, 1413 (3rd Cir.1989). As was so cogently pointed out in the case of *In re Ruti–Sweetwater, Inc.*, 836 F.2d 1263 (10th Cir.1988), cited with approval in *In re Szostek*,

> to hold otherwise would be to endorse the proposition that a creditor may sit idly by, not participate in any manner in the formulation and adoption of the plan in reorganization and thereafter, subsequent to the adoption of the plan, raise a challenge for the first time. Adoption of (this) approach would effectively place all reorganization plans at risk in terms of reliance and finality. 836 F.2d at 1266.

For the reasons set forth in this Opinion, the Motion of the United States of America, on behalf of the Internal Revenue Service, to Compel Modification of the Plan filed in both of the above-captioned cases will be denied.

An Order will follow.