In re Alvaro Silva **BERNARDES**,
Debtor.

No. 99–53710.

United States Bankruptcy Court,
D. New Jersey.

Oct. 12, 2001.

Joel A. Ackerman, Zucker, Goldberg & Ackerman, Mountainside, NJ, for Old Republic Insured Financial Acceptance Corporation.

William H. Oliver Jr., Asbury Park, NJ, for Debtor.

### OPINION

RAYMOND T. LYONS, Bankruptcy Judge.

The Chapter 13 debtor filed a post-confirmation motion to sell his residence for $202,500.00. The debtor's Chapter 13 petition, which was filed nearly sixteen months before the motion, valued the residence at $114,500. The debtor's plan also incorporated this valuation. Old Republic Insured Financial Acceptance Corporation (hereinafter "Old Republic"), a third-mortgagee whose secured claim was crammed-down to zero and lien discharged by the debtor's confirmed plan, objected to the sale and filed the instant cross-motion. Prior to the hearing date, however, the debtor withdrew his motion to sell the subject realty.

Old Republic asks the court to reconsider its secured claim pursuant to 11 U.S.C. § 502(j). It contends that, in light of the proposed purchase price set forth in the debtor's motion to sell his residence, its claim should be reclassified from unsecured to secured. The debtor's motion to sell his residence was filed eight months after confirmation. For the reasons set forth below, this court concludes that the appreciated value of the debtor's residence as of a date eight months after confirmation is irrelevant in reassessing the status of a creditor's claim. Because this valuation is Old Republic's sole grounds for seeking reconsideration, the court must deny this motion for lack of proof.

In the alternative, Old Republic seeks to amend the debtor's confirmed plan to increase the distribution to unsecured creditors under 11 U.S.C. § 1329(a). This court finds that Old Republic's amended plan is feasible only if the debtor sells his residence. Because the debtor no longer seeks to sell his residence, Old Republic's motion to amend the plan is denied.

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984 referring all cases under Title 11 of the United States Code to the bankruptcy court. This is a core proceeding under 28 U.S.C. §§ 157(b)(1) and (b)(2)(B), (K) and (L).

### FACTS

The facts are not in dispute. On March 30, 1999, Alvaro Silva Bernardes, the debtor, filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. At the time of filing, the Mr. Bernardes owned his residence in Long Branch, New Jersey. The residence was encumbered by three mortgages: a first mortgage in favor of GMAC Mortgage Corporation

(hereinafter "GMAC") for $122,397.00, a second mortgage in favor of Home Loan and Investment Bank (hereinafter "Home Loan") for $17,035.53, and a third mortgage in favor of Old Republic for $10,732.53. Mr. Bernardes' schedule of assets valued the subject realty at $114,500.00. The debtor's appraiser subsequently opined that the subject realty had a market value of $114,000.00 as of March 15, 1999.

■■■ On the same date that the petition was filed, Mr. Bernardes submitted his Chapter 13 Plan. The Plan provided that Mr. Bernardes would cure the arrears on his first mortgage by paying $314.00 each month for forty-eight months, for a total plan payment of $15,072.00. Unsecured creditors were to receive nothing. The Plan also called for a zero-cramdown of Home Loan's and Old Republic's claims on the grounds that the mortgages were totally unsecured.[1] Home Loan objected to the bifurcation of its secured claim. In that litigation, the parties stipulated that the value of the debtor's residence was $125,000.00 (the valuation derived by Home Loan's appraiser). Accordingly, Home Loan's secured claim was stripped-down to $2,000.00. Old Republic did not object to confirmation. The Plan was confirmed by this court on November 16, 1999 and on December 3, 1999, an Order of

Confirmation was entered. Under the Plan, Old Republic's mortgage lien was discharged on confirmation.

Mr. Bernardes is a construction worker by trade. After filing for Chapter 13 relief, he spent a considerable amount of time and money repairing and improving his residence. In July 2000, Mr. Bernardes attempted to sell the subject realty in its improved state and to use the proceeds to purchase another home. On August 22, 2000, after securing a purchaser, he filed a motion to sell the property for $202,500.00, $88,500.00 more than the subject realty's March 15, 1999 appraisal value. Old Republic objected to the proposed sale and, on November 29, 2000, filed the instant cross-motion with this court. Prior to the hearing date, the proposed sale fell through. Mr. Bernardes withdrew his motion on January 26, 2001 and currently has no plans to sell the subject realty.

### DISCUSSION

### I. Reconsideration of Old Republic's Claim

■■■ Old Republic asks this court to reconsider its claim under 11 U.S.C. § 502(j) and to reclassify it as secured. Seeking to extend the reasoning of *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992),[2] Old Republic ar-

---

1. The term "cramdown" refers to the process under § 1325(a)(5)(B)(i) whereby a Chapter 13 plan may be confirmed without the consent of secured creditors. Under this section, the plan must provide that the secured creditor retain his lien on secured property until property having a value at least equal to the present value of the security, as determined by the court, is distributed to the creditor under the plan. Any amount owed the creditor in excess of the value of the secured property is treated as unsecured. *See* Lawrence King, et al., Collier on Bankruptcy ¶ 1325.06, at 1325–38–46.1 (15th ed.1996); *In re Szostek*, 886 F.2d 1405, 1413 (3d Cir.1989). The foregoing applies with equal force to wholly unsecured junior mortgages on the debtor's resi-

dence. *See In re McDonald*, 205 F.3d 606, 615 (3d Cir.2000) (holding that the "antimodification provision" in 11 U.S.C. § 1322(b)(2) does not apply to a wholly unsecured mortgage on a Chapter 13 debtor's home).

2. In *Dewsup*, the United States Supreme Court held that an allowed claim in a Chapter 7 case secured by a lien on real property may not be stripped down to the value of the collateral pursuant to 11 U.S.C. § 506(d). In reaching this conclusion, the court stated:

   "We think ... that the creditor's lien stays with the real property until foreclosure. That is what is bargained for by the mortgagor and the mortgagee. The voidness language [of Section 506(d) ] sensibly applies

gues that the creditors, and not Mr. Bernardes, are entitled to benefit from the increased equity in the subject realty. The court's authority to reconsider an allowed claim is found in 11 U.S.C. § 502(j). In relevant part, § 502(j) provides: "A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed according to the equities of the case." 11 U.S.C. § 502(j). § 502(j) is supplemented by Federal Rule of Bankruptcy Procedure 3008, which states: "A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." FED. R. BANKR.P. 3008. The phrase "for cause," as it is used in § 502(j), is not specifically defined in either the Bankruptcy Code or the Rules, "but is an adaptable standard reflecting bankruptcy laws' roots in equity jurisprudence." *See* Advisory Committee's Notes to FED. R. BANKR.P. 3008. Thus, the bankruptcy court possesses broad discretion in determining whether adequate cause exists for the reconsideration of claims. *See In re Southwest Florida Telecommunications, Inc.*, 234 B.R. 137, 141 (Bankr.M.D.Fla.1998); *In re Lomas Financial Corp.*, 212 B.R. 46, 52. (Bankr.D.Del.1997).

In this motion, Old Republic argues that the dramatic increase in the subject realty's value constitutes sufficient cause to compel the court to reconsider its claim under § 502(j) and Rule 3008 and to re-

classify it as secured. Old Republic submits Mr. Bernardes' July 2000 proposed contract of sale, which sets forth a purchase price of $202,500.00, as evidence of the subject realty's appreciation. In response, Mr. Bernardes contends that, under § 1327(a)[3] and in light of the Third Circuit decision *In re Szostek*, 886 F.2d 1405 (3d. Cir.1989), a confirmed plan is *res judicata* with respect to the status of discharged liens. Without deciding whether § 502(j) contemplates the reconsideration of claims after confirmation, the court concludes that there is no sound basis for reconsideration in this case.

█ § 506(a) of the Bankruptcy Code provides that a creditor has a secured claim to the extent of the value of the underlying collateral. *See* 11 U.S.C. § 506(a). The statute further provides that the value of such collateral must be determined "in light of the purpose of the valuation and of the proposed disposition or use of such property." *Id.* When considering the proper valuation date for establishing the amount of a creditor's secured claim under a Chapter 13 plan, courts have looked to the language of § 1325(a), the Code section addressing the requirements for plan confirmation, for guidance. *See, e.g., In re Owens*, 120 B.R. 487, 492 (Bankr.E.D.Ark.1990); *In re Klein*, 10 B.R. 657, 660–661 (Bankr. E.D.N.Y.1981). Pursuant to § 1325(a)(5)(B)(ii), the value of collateral establishing the status of a secured claim

---

only to the security aspect of the lien and then only to the real deficiency in the security. *Any increase over the judicially determined valuation during the bankruptcy rightly accrues to the benefit of the creditor, not to the benefit of the debtor and not to the benefit of other unsecured creditors whose claims had nothing to do with the mortgagor-mortgagee bargain."*
502 U.S. at 417 (emphasis added). It is upon the last sentence which Old Republic primarily relies.

3. § 1327(a) provides as follows:

Effect of Confirmation.
(a) *The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.* 11 U.S.C. § 1329(a).

is to be determined as of the "effective date of the plan." *See* 11 U.S.C. § 1325(a)(5)(B)(ii); *In re Owens,* 120 B.R. at 492 (Bankr.E.D.Ark.1990); *In re Klein,* 10 B.R. 657 at 660 (Bankr.E.D.N.Y.1981). 11 U.S.C. § 502(j) may *not* be employed to change the valuation date of collateral. *See In re McAteer,* 130 B.R. 726, 729 (Bankr.D.N.J.1991), *rev'd on other grounds, First Fidelity Bank v. McAteer,* 985 F.2d 114 (3d Cir.1993).

Neither the Bankruptcy Code nor the legislative history defines the phrase "effective date of the plan." However, a vast majority of courts have interpreted "effective date of the plan" to refer to one of two dates: the date that the petition was filed, *see, e.g., McAteer,* 130 B.R. at 729; *In re McCarron,* 242 B.R. 479, 482 (Bankr. W.D.Mo.2000); *In re Johnson,* 165 B.R. 524, 528–29 (S.D.Ga.1994); or the date of confirmation, *see, e.g., In re Farmer,* 257 B.R. 556, 561 (Bankr.D.Mont.2000); *In re Winston,* 236 B.R. 167, 171 (Bankr.E.D.Pa. 1999), *In re Jones,* 219 B.R. 506, 509 (Bankr.N.D.Ill.1998). A small number of courts have embraced different valuation dates, *see, e.g., In re Anderson,* 88 B.R. 877, 884 (Bankr.N.D.Ind.1988) (hearing date); *Matter of Willis,* 6 B.R. 555, 559 (Bankr.N.D.Ill.1980) (filing date of the plan); however, no court has determined the status of a claim in this context by reference to a date of valuation later than ten days after the entry of the confirmation order. *See Crain v. PSB Lending Corp.,* 243 B.R. 75, 84 (Bankr.C.D.Cal. 1999).[4]

In the instant case, Mr. Bernardes filed his Chapter 13 petition on March 30, 1999. The Plan was ultimately confirmed on November 16, 1999 and the confirmation order was entered on December 3, 1999. Old Republic has not presented appraisals of the subject realty as of any of these dates, nor has it expressly alleged fraud or lack of good faith on behalf of the debtor in valuing the subject realty. Rather, Old Republic bases its prayer for reconsideration solely upon the value of the subject realty as of July 2000, over eight months after confirmation. As the discussion above illustrates, even if the court granted this motion for reconsideration, the July 2000 market value of the subject realty would not be a relevant consideration in reassessing the status of Old Republic's claim. This court is therefore compelled to deny Old Republic's motion for lack of a factual predicate.

## II. *Modification of the Confirmed Plan*

In the alternative, Old Republic argues that the confirmed plan should be amended to increase the distribution to unsecured creditors. § 1329(a) of the Bankruptcy Code permits the holder of an allowed unsecured claim to request modification of a Chapter 13 Plan at any time after confirmation, but prior to the completion of payments, for the following purposes:

(1) [to] increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) [to] extend or reduce the time for such payments; or

(3) [to] alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim under the plan. *See* 11 U.S.C. § 1329(a).

4. In *In re McDonald,* 205 F.3d 606 (3d Cir. 2000), the Third Circuit expressly declined to decide what date a court should use to determine the extent to which a mortgage is secured, but noted that "it is desirable to avoid allowing an appeal to delay the date used for evaluation." *Id.* at 615. The instant case does not require this court to resolve this issue.

Because Old Republic is an unsecured creditor under the plan as confirmed, it has standing to request modification under this section.

█ § 1329(b)(1) expressly provides that modification under subsection (a) is subject to various other provisions in the Code, including § 1325(a). In pertinent part, § 1325(a)(6) states as follows: "[T]he court shall confirm a plan if the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). The modification of a confirmed plan may be disapproved if the plan as modified fails to satisfy the feasibility test of § 1325(a)(6). *See In re La-Forgia*, 241 B.R. 351, 352 (Bankr.M.D.Pa. 1999).

█ Feasibility is a question of fact. *See In re Lippolis*, 228 B.R. 106, 114 (E.D.Pa.1998). While the feasibility requirement is not rigorous, *see In re Blackerby*, 208 B.R. 136, 144 (Bankr.E.D.Pa. 1997), the plan proponent must, at minimum, demonstrate that the Debtor's income exceeds expenses by an amount sufficient to make the payments proposed by the plan. *See In re Cushman*, 263 B.R. 293, 294 (Bankr.W.D.Mo.2001); *In re Keach*, 225 B.R. 264, 269 (Bankr.D.R.I. 1998). This court finds that Old Republic has failed to meet this burden.

In substance, Old Republic's modified plan proposes to pay Old Republic and Home Loan in full and to increase distribution among other unsecured creditors from zero percent to 24.2%. The modified plan expressly assumes that Mr. Bernardes will sell the subject realty for $202,500.00, leaving an estimated $46,250.00 available for distribution among unsecured creditors. Old Republic's plan makes no provisions for modified distribution in the event that the sale does not occur.

On January 26, 2001, Mr. Bernardes withdrew his motion to sell the property.

Presently, he has no intention of selling the subject realty. Thus, the condition precedent to Old Republic's modified plan has failed. Old Republic has made no showing, nor does this court find, that Mr. Bernardes can afford to increase the distribution to unsecured creditors without selling the subject realty. The court must therefore deny Old Republic's motion to amend the plan under § 1329(a) as the modified plan fails to satisfy the feasibility requirement of § 1325(a)(6).

### CONCLUSION

For the foregoing reasons, the court finds that Old Republic has failed to present sufficient equities to compel reconsideration of its claim pursuant to 11 U.S.C. § 502(j) and Federal Rule of Bankruptcy Procedure 3008. Moreover, this court concludes that Old Republic's modified plan fails the feasibility test of § 1325(a)(6) and therefore must similarly deny Old Republic's motion for modification under § 1329.