**In re Debra Kay LUCAS, Debtor.**

**Bankruptcy No. 80–00007–P.**

United States Bankruptcy Court,
S. D. California.

March 19, 1980.

January 2, 1980. The petition was accompanied by a Plan which proposes to pay to the trustee the sum of $82.00 per month, to be distributed by him as follows:

1. Western Thrift & Loan     1,050.00 at $34.00 mo.
   (secured by a 1975 Pontiac)

2. HFC & Grantree Furniture     800.00 at $26.00 mo.
   Co. (claimed to be fully
   secured)

These creditors are to receive 10% interest on the allowed amount of their secured debt as set forth above.

The debtor scheduled $5,487, including the unsecured claim of Western Thrift & Loan. The proposed plan provides for dividends of 1% to unsecured creditors, or $54.87 total.

It is estimated that the plan, as proposed will require approximately 30 months to complete if all scheduled creditors file proofs of claim. That is within the provisions of § 1322(c).[1]

■ In order to confirm any Chapter 13 Plan, the court must be satisfied, by an independent analysis of the facts, that the plan meets all of the requirements of § 1325(a). *In re Fizer*, 1 B.R. 400, 5 BCD 1052 (Bkrtcy.1980); *In re Cooper*, Katz, Judge, So.Dist.Cal. No. 80–00245–K (unreported).

I have reviewed the file and the evidence presented at the confirmation hearing. Based thereon, I have concluded and find that the provisions of § 1325(a)(1), (2), (4), and (5) have been complied with.

That leaves § 1325(a)(3) and (6) yet to be complied with.

■ This court has previously held in a number of cases that a 1% dividend to unsecured creditors does not constitute good faith, as required by § 1325(a)(3). *In re Beaver*, 2 B.R. 337, 5 BCD 1285 (Bkrtcy. 1980); *In re Howard*, Katz, Judge, So.Dist. Cal. No. 79–03156–PZ (unreported); *In re Campbell*, Katz, Judge, So.Dist.Cal. No. 80–00049–KZ (unreported).

Based on those decisions, this plan ought not be confirmed.

Harry W. Heid, San Diego, Cal., for trustee.

George Ritner, San Diego, Cal., for debtor.

Debra Kay Lucas, debtor, pro se.

## MEMORANDUM OF OPINION RECONFIRMATION OF PLAN

HERBERT KATZ, Bankruptcy Judge.

Debra Kay Lucas, Debtor herein, filed a petition for relief under Chapter 13 of the Bankruptcy Code (11 U.S.C. 1301 et seq.) on

---

1. § 1322(c). Contents of plan.

The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years.

But here there is an additional element, and that is that the court must be satisfied that the debtor will be able to make all payments under the plan and to comply therewith § 1325(a)(6).

In this case, the debtor was deserted by her husband. She is the sole support of herself and three minor children ranging in age from 3 to 8. Her net monthly income is alleged to be $893.00 from her employment and Aid to Dependent Children.

According to her budget, her future anticipated monthly expenses total $809.00, which after making the proposed $82.00 per month payment to the trustee, leaves her a cushion of $2.00 per month.

Her expenses are alleged to be as follows:

| Rent | 163.00 |
| Telephone | 7.00 |
| Food | 225.00 |
| Clothing | 50.00 |
| Laundry & Cleaning | 40.00 |
| Medical | 10.00 |
| Transportation | 100.00 |
| Auto insurance | 34.00 |
| Child care | 180.00 |
| TOTAL | $809.00 |

I have reviewed the proposed budget carefully for I must be satisfied that the expenses set forth therein are realistic in order to make the finding required by § 1325(a)(6).

I do not believe that this debtor is in a position to submit approximately 10% of her net income to the repayment of her creditors for the period of approximately 30 months.

There is an insufficient amount allocated for medical bills for a person with three small children. Even if only $10.00 per month were allocated per child, a not unreasonable amount, there would not be sufficient moneys left over to pay the trustee.

In addition, I believe the clothing allowance of $50.00 per month for one adult and three children, two of which apparently are in school is unrealistic.

Further, I can take judicial notice of the fact that inflation since January, when this case was filed, has been running at the rate of 1% or more per month. That means that, assuming no raise in rent, child care or telephone, it now requires an outlay of an additional approximately $15.00 per month for this debtor to maintain the standard of living she had as of the date of filing.

I have therefore concluded that this debtor cannot meet the standard of § 1325(a)(6) in that she will not be able to make all the payments proposed by her plan.

For these reasons, the plan cannot be confirmed.

Pursuant to FRCP 52, this Opinion shall constitute the Findings of Fact and Conclusions of Law herein.