**In re Serena J. PATTON, Debtor.**

**Serena J. Patton, Plaintiff,**

v.

**U.S. Dept. of Education & Windham Professionals Inc. & Northwest Educational Loan Association & Financial Assistance, Inc. & Windham Professionals, Inc. & Northwest Educational Loan Association & Financial Assistance, Inc., Defendants.**

**In re Ricky Dale Rasberry, Debtor.**

**Ricky Dale Rasberry, Plaintiff,**

v.

**U.S. Bank & Sallie Mae & Northwest Education Loan Association, Defendants.**

**In re Armando L. Perez, Debtor.**

**Armando L. Perez, Plaintiff,**

v.

**United States Department Of Education & Sallie Mae & Educational Credit Management Corporation, Defendants.**

**In re Cynthia A. Martin, Debtor.**

**Cynthia A. Martin, Plaintiff,**

v.

**Northwest Education Loan Association & Educational Credit Management Corp., Defendant.**

**In re Douglas Brian & Denise St. George, Debtors.**

**Douglas Brian & Denise St. George, Plaintiffs,**

v.

**Northwest Education Loan Association & Financial Assistance Inc. & Account Control Technology & Educational Credit Management Corp., Defendants.**

Bankruptcy Nos. 99–01040–R33, 99–02877–R33, 99–07300–R33, 99–05334–R33, 99–05445–R33.
Adversary Nos. A00–00177–R33, A00–00185–R33, A00–00192–R33, A00-–00193–R33, 00–00219–R33.

United States Bankruptcy Court,
E.D. Washington.

April 3, 2001.

Vannoy Culpepper, Yakima, WA, for Debtors.

Jennifer L. Aspaas, Karr Tuttle Campbell, Seattle, WA, for Educational Credit Management Corp.

## MEMORANDUM OPINION

JOHN A. ROSSMEISSL, Bankruptcy Judge.

These summary judgment motions involve a common issue raised in five adversary proceedings pending before the Court. The issue raised in each of the cases is whether the provisions of a confirmed Chapter 13 plan dealing with discharge of student loan debt can be attacked post confirmation on the basis that the provisions are contrary to the Bankruptcy Code, when the aggrieved creditor had notice of the plan and failed to object to confirmation or appeal the confirmation order.

*Facts*

Counsel for the debtors/plaintiffs in each of these cases is VanNoy Culpepper. Common to each of these cases is a debt owed for student loans which would be excepted from discharge pursuant to 11 U.S.C. § 523(a)(8). As of the filing of the respective bankruptcies the amount of student loan debt owed ranged from $1,225.00 to $3,544.00. Each of the Chapter 13 plans filed by debtors/plaintiffs included the following language:

> All timely filed and allowed claims of the United States Department of Education, Sallie Mae and Educational Credit Management Corporation, and any other person or entity who is owed a governmental sponsored or governmental guaranteed educational loan, shall be paid their pro rata share as an unsecured creditor only; and the balance of each said claims shall be discharged. Pursuant to 11 U.S.C. § 523(a)(8), excepting the aforementioned educational loans from discharge will impose an undue hardship on the debtor and the debtor's dependent child. Confirmation of the debtor's plan shall constitute a finding by this court to that effect and that said debt is discharged.

Neither Educational Credit Management Corporation (ECMC) or its predecessor National Educational Loan Association (NELA) objected to confirmation or appealed the confirmation orders. All of the underlying Bankruptcy cases were filed during 1999. The first case was filed in February 1999 and the last case was filed in December 1999. The first confirmation order was entered on July 8, 1999 and the last order was entered on March 30, 2000. In each case ECMC filed a timely proof of claim. Debtors/Plaintiffs filed the instant adversary proceedings for declaratory judgment on the issue of whether the student loan obligation would be discharged

upon successful completion of the respective plans. There are no material issues of fact in dispute.

### Discussion

The law of the Ninth Circuit on the issue of post confirmation attacks on Chapter 13 plans is stated in *Great Lakes Higher Education Corporation v. Pardee*, 193 F.3d 1083 (9th Cir.1999). In *Pardee*, the Ninth Circuit addressed the situation of a confirmed Chapter 13 plan which improperly provided that upon completion of plan payments any unpaid interest on the debtors student loans would be discharged. Great Lakes Higher Education Corporation had notice of this provision and failed to object or otherwise protect its interest either prior to confirmation or by appealing the confirmation order. 193 F.3d at 1086. After the debtor had completed payments under the plan and been granted their discharge, Great Lakes attempted to collect the unpaid interest and Pardees filed a motion to enforce the discharge and enjoin further collection attempts. In upholding the BAP's ruling in *Pardee* the Ninth Circuit said:[1]

> We find no reason to depart from the well-settled policy that confirmation orders are final orders that are given preclusive effect. Regardless of whether the plan should have been confirmed with the discharge provision, the BAP was correct in holding that, "the Plan is res judicata as to all issues that could have or should have been litigated at the confirmation hearing." *In re Pardee*, 218 B.R. at 925.

193 F.3d at 1086.

The Ninth Circuit in *Pardee* cited with approval the Tenth Circuit's ruling in *Andersen v. UNIPAC–NEBHELP*, 179 F.3d 1253 (10th Cir.1999). 193 F.3d at 1086. The Chapter 13 plan proposed by Andersen provided for payment of a portion of the student loan debt with the balance being discharged upon completion of the plan payments. The language of the student loan provision in *Andersen* although not identical to the provisions at issue in these cases is remarkably similar and differs only in minor details.[2] In *Andersen*, the creditor failed to timely object to the plan and it was confirmed. The creditor elected not to appeal the order of confirmation. Andersen completed plan payments and received a discharge. Subsequent to the granting of the discharge the successor to the original holder of the student loan notes commenced collection. The Tenth Circuit held that student loan provisions of the plan were binding and the loan obligation was discharged. In reaching this conclusion the Court placed great emphasis on the "strong policy favoring finality, coupled with the creditor's complete failure to properly protect its interests during the course of the bankruptcy proceedings". 179 F.3d at 1259.

The current cases deal with plans which fundamentally incorporate the same plan language as *Andersen*. The Ninth Circuit's discussion with approval of *Andersen* leads this Court to conclude that the rule in *Pardee* applies to language such as that considered in *Andersen*. The only real difference between the current cases and *Andersen* is that the challenge is coming before the discharge is granted and not afterwards. The Court does not see this as significant.[3] What is more important is

---

1. The BAP ruling is found in *Great Lakes Higher Education Corporation v. Robert McKnight Pardee et. al.*, 218 B.R. 916 (9th Cir. BAP 1998).

2. The specific plan language at issue in *Andersen* is found at 179 F.3d at 1254.

3. Discharge is not entered in Chapter 13 cases until completion of plan payments. 11 U.S.C. 1328(a). If the debtors fail to com-

the fact that in the current cases there was no objection raised to confirmation, no appeal of the confirmation orders, nor attempt to revoke the orders of confirmation pursuant to 11 U.S.C. § 1330. Based upon *Pardee* and *Andersen* the Court holds that the confirmation orders in each of these cases is res judicata and cannot now be challenged by ECMC.

■ The Court's ruling should not be interpreted as an approval or validation of the plan language at issue. This court agrees with those recent decisions which disapprove of the practice of dealing with the issue of discharge of student loans in the plan confirmation process. *See: In re Webber,* 251 B.R. 554 (Bankr.Ariz.2000); *In re Hensley,* 249 B.R. 318 (Bankr. W.D.Okla.2000) and; *In re Evans,* 242 B.R. 407 (Bankr.S.D.Ohio 1999). This Court will not knowingly confirm a plan which contains language that attempts to discharge student loan debt independent of an adversary proceeding.[4] Inclusion of plan provisions which attempt to circumvent determination by adversary proceeding of dischargeability of student loans through the plan confirmation process is improper, but plans confirmed with such provisions will be binding on the parties if the confirmation order is not appealed or revoked. 11 U.S.C. § 1330. However inclusion of these provisions may be the subject of sanctions. *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280(1992); *In re Webber,* 251 B.R. 554 (Bankr.D.Ariz.2000); *In re Hensley,*

249 B.R. 318 (Bankr.W.D.Okla.2000) and; *In re Evans,* 242 B.R. 407 (Bankr.S.D.Ohio 1999).

■ ECMC argues that in the St. George case, notice of the bankruptcy filing and the plan was not properly given to ECMC's predecessor NELA. After reviewing the declaration of Douglas St. George, the MML and the creditors claim filed by ECMC, the Court concludes that adequate notice was given to NELA and thus ECMC. Mr. St. George's declaration states that prior to filing bankruptcy he had received a notice of assignment of the loan to Financial Assistance Inc. by NELA. It is undisputed that a copy of the St. George plan was sent to Financial Assistance Inc. c/o NELA at # 10 148th Ave N.E. Bellevue, Washington. The declaration of Patricia Siebol states that the plan was mailed October 4, 1999 and ECMC filed a proof of claim of January 11, 2000. The plan was confirmed on March 16, 2000. The Court concludes that there was adequate notice of bankruptcy and plan given to ECMC.

### Conclusion

The provisions of the five confirmed Chapter 13 plans are *res judicata* and cannot now be challenged by defendant ECMC. This is so notwithstanding the fact that the provisions in question are not consistent with the Bankruptcy Code and Rules. If the plaintiffs/debtors successfully complete their confirmed plans and are granted discharges, those discharges will

---

plete the plan payments no discharge will be entered in their cases.

4. The Court's comments are in no way meant as a reprimand or admonishment of debtors' counsel in this case. Considering the state of the case law at the time the plans were proposed, it is arguable that inclusion of the challenged language in the plan was permissible. The Court specifically notes the lan-

guage in the BAP decision in *Andersen* which equates a Chapter 13 plan to an offer which creditors can accept or reject. *Andersen v. Higher Education Assistance Foundation and Unipac–Nebhelp,* 215 B.R. 792 (10th Cir. BAP 1998). Counsel has assured the Court that he has no other plans unconfirmed or confirmed which include the challenged student loan discharge provisions.

include student loan debt as provided in their respective plans. There are no material issues of fact in dispute and plaintiffs are entitled to judgments as a matter of law.