**In re Christopher A. CUSHMAN and Elizabeth G. Cushman, Debtors.**

**No. 01–41060–JWV.**

United States Bankruptcy Court,
W.D. Missouri.

June 15, 2001.

Christopher A. Cushman, pro se.

### ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN

JERRY VENTERS, Bankruptcy Judge.

On June 12, 2001, the Court took up the Trustee's Objections to the confirmation of the Debtors' Chapter 13 Plan. The Trustee raised numerous objections to the Debtors' Plan, and although all of the Trustee's Objections are well taken, we discuss only the two most salient objections here. Those are: 1) that the Plan is not feasible under the terms of 11 U.S.C. § 1325(a)(6), because the Debtors intend to fund the Plan with gambling winnings, and 2) that the Plan cannot be confirmed because it includes a provision that seeks to discharge a student loan debt on the basis of undue hardship without the institution of an adversary proceeding. At the conclusion of the hearing, the Court took those two issues under advisement and asked the Debtor, Christopher A. Cushman, to provide copies of his 1999 and 2000 federal tax returns to corroborate his testimony regarding his gambling winnings. The Court received those returns on June 13.

Upon consideration of the facts presented and the relevant law, the Court finds that the Debtors' Chapter 13 Plan cannot be confirmed. We find so for the following reasons.

First, the Plan cannot be confirmed because it does not comply with 11 U.S.C. § 1325(a)(6). Section 1325(a)(6) requires that a debtor "will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). To satisfy § 1325(a)(6) "a debtor's plan must have a reasonable likelihood of success, i.e., that it is likely that the debtor will have the necessary resources to make all payments as directed by the plan, [and] ... [t]he debtor carries the initial burden of showing that the plan is feasible." *In re Keach*, 225 B.R. 264, 269–70 (Bankr.D.R.I. 1998) (quoting *First Nat. Bank v. Fantasia (In re Fantasia)*, 211 B.R. 420, 423 (1st Cir. BAP 1997)).

Although Cushman has supplied the Court with some evidence that he had

considerable gambling winnings in 1999 and 2000, the Court finds that he has failed to establish that it is "likely that he will have the necessary resources to make all of the payments as directed by the plan." Setting all moral and policy arguments aside for the moment (which weigh *strongly* against allowing a debtor to attempt to fund a Chapter 13 Plan with gambling winnings), the Court believes that gambling, regardless of the ability of the gambler, is inherently too uncertain a source of income to fund a Chapter 13 Plan. Furthermore, the Court points out that in spite of his success in winning at gambling, it appears that Cushman failed to handle those winnings wisely, inasmuch as he did not pay any estimated tax on those winnings and now has (according to his schedules) $5,500.00 in unpaid federal taxes for the years 1998–2000. Additionally, despite Cushman's success at gambling, he has been unable to pay his debts and has found it necessary to file bankruptcy.

■ Second, the Court will not confirm the Debtors' Plan because the provision in the Plan that purports to bind the student loan lender (Sallie Mae) to a determination of undue hardship and to the discharge of the Debtors' student loan liability is contrary to the Bankruptcy Code's requirement that such determinations be made through an adversary proceeding, *see* FED. R.BANKR.P. 7001, and, in this Court's opinion, is indicative of a lack of good faith.

The "tactic" of binding an inattentive student loan lender to a determination of undue hardship and dischargeability by including a provision like the one contained in the Debtors' Plan has been successful, to the extent that courts have generally given res judicata effect to a plan that has *already been confirmed. See e.g., Andersen v. UNIPAC–NEBHELP*, 179 F.3d 1253 (10th Cir.1999); *Great Lakes Higher Educ. Corp. v. Pardee*, 218 B.R. 916 (9th Cir. BAP 1998); *In re Patton*, 261 B.R. 44 (Bankr.E.D.Wash.2001). However, that success has been due to the strength of the doctrine of res judicata and not to the propriety of the tactic. Rather, the courts addressing the issue almost uniformly comment that the tactic itself is contrary to the Bankruptcy Code and is fundamentally a disingenuous attempt to "gamble" that the confirming court and student loan lender will not notice its inclusion in the Plan. *See, e.g., Pardee* and *Patton, supra.*

Well, this Court has noticed—thanks to the Objection of the Chapter 13 Trustee—before confirmation and before res judicata has attached. Consequently, we will not knowingly confirm a plan that attempts to circumvent the appropriate procedures for a determination of dischargeability under 11 U.S.C. § 523(a)(8).

■ Furthermore, we add that at least one court has indicated that the inclusion of such a provision in a plan may be the subject of sanctions. *Patton*, 261 B.R. at 48. In this instance, because Cushman, acting as his own counsel, has readily agreed to remove the offending provision from the Plan, the Court does not believe that sanctions are necessary.

Therefore, for the reasons stated herein, it is

**ORDERED** the Trustee's Objections to the confirmation of the Debtors' Chapter 13 Plan be and are hereby SUSTAINED.