### In re Donald/Anneliese HARRIS, Debtors.

### No. 02–31597.

United States Bankruptcy Court, N.D. Ohio.

April 10, 2003.

Gordon R. Barry, Toledo, OH, for Debtors.

Marie C. Banks, Javitch, Block & Rathbone, Cleveland, OH, Cynthia A. Jeffrey, Cleveland, OH, for Creditors.

### *ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon two related actions brought by the Debtors, Donald Harris and Anneliese Harris:

(1) the Debtors' objection to the proof of claim filed by First Investors Financial Services; and (2) the Debtors' Motion to Vacate the Order Granting Relief from Stay in favor of First Investors Financial Services. As it concerns these matters, the sole point of contention between the Parties concerns whether the Creditor, First Investors Financial Services, should be able to maintain a deficiency claim against the Debtors' bankruptcy estate. In support of their respective positions on this issue, the Parties, in addition to making oral arguments at the hearing held on the Debtors' objection to proof of claim, filed memoranda in support. From these memoranda, and from the oral arguments made by the Parties, the facts relevant to the issue raised in this case are set forth below.

On March 15, 2002, the Debtors, Donald and Anneliese Harris (hereinafter referred to as the "Debtors"), filed a petition in this Court for relief under Chapter 13 of the United States Bankruptcy Code. Thereafter, on April 3, 2002, the Debtors filed their Chapter 13 Plan of Reorganization. In this Plan, which was mailed to First Investors Financial Services (hereinafter referred to as the "Creditor"), it was stated in bold print that the Debtors' "1998 GMC Sonoma pickup shall be surrendered to First Investors Financial Services upon confirmation in full satisfaction of this debt." On July 3, 2002, the Debtors' Chapter 13 Plan of Reorganization was confirmed without any objection to this provision lodged by the Creditor. In the Debtors' confirmed Plan of reorganization it was provided that all unsecured creditors would receive a 70% dividend on their allowed claims.

Prior to the confirmation of the Debtors' Chapter 13 Plan, the Creditor, who held a first lien on the Debtors' 1998 Sonoma, filed a proof of claim for the vehicle where- in the total value of the collateral was set at Ten Thousand Eight Hundred Thirty-nine and 19/100 dollars ($10,839.19). Thereafter, pursuant to its security interest in the vehicle, the Creditor sought relief from the automatic stay so as to permit it to obtain possession of its collateral. On June 24, 2002, through an order entered by the Court, this request was granted, after which time the Creditor liquidated its collateral for Five Thousand Two Hundred dollars ($5,200.000), thereby leaving a deficiency balance on its claim of Five Thousand Two Hundred Eighty-seven dollars ($5,287.00). In the Order for relief issued by the Court, which like the accompanying Motion complied with General Order 99–1 regarding standardized forms in the Northern District of Ohio, it was stated:

> Movant is directed to file a report of sale promptly following the liquidation of the collateral if any excess proceeds have been received and Movant is given leave to file an unsecured deficiency claim within sixty (60) days after liquidation of the collateral, if such claim exists.

(Doc. No. 28). The Debtors, through their Motion to Vacate, seek to have this clause stricken.

## LEGAL ANALYSIS

■ The Debtors in this case seek to disallow the Creditor from maintaining a deficiency claim against their bankruptcy estate. In opposition to this position, the Creditor refers to the language of this Court's order relieving the stay wherein it was stated that it was to be "given leave to file an unsecured deficiency claim within sixty (60) days after liquidation of the collateral, if such claim exists." The Debtors, however, argue that notwithstanding such a provision, any claim of deficiency should be disallowed because it is in direct contravention to the Debtors' confirmed Chapter 13 Plan which provided that the surrender

of their vehicle would be in full satisfaction of the debt. As support for their position, the Debtors rely primarily on § 1327(a).

 Section 1327(a) of the Bankruptcy Code provides:

> The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

The general effect of this section is to bind creditors to the terms of a debtor's plan by causing all issues that were or that could have been decided to become res judicata. *In re Lewis,* 8 B.R. 132 (Bankr.D.Idaho 1981). The binding effect of § 1327(a) is not absolute, however, and will only apply if the matter to be precluded is properly before the court. *Russo v. Seidler (In re Seidler),* 44 F.3d 945, 948 (11th Cir.1995); *In re Grogan,* 158 B.R. 197, 199 (Bankr. E.D.Cal.1993). Thus, provisions of a confirmed Chapter 13 plan are not binding on creditors to the extent that the confirmation order violates a creditor's due process rights. *In re Chang,* 274 B.R. 295, 301–02 (Bankr.D.Mass.2002). Pertaining to this statement, and for the reasons that will now be explained, it is the conclusion of this Court that if the Creditor were to be precluded from filing a deficiency claim, despite the existence of a Court order permitting the filing of such a claim, its due process rights would be violated.

 For purposes of § 1327(a), due process requires that notice be given to the creditor that is reasonably calculated, under all of the circumstances, to appraise the creditor that its rights as a creditor may be placed in jeopardy. *In re Government Securities Corp.,* 107 B.R. 1012, 1022 (S.D.Fla.1989); *see, also, SallieMae Servicing v. Banks,* 271 B.R. 249 (W.D.Va. 2001), *affirmed* 299 F.3d 296. (Confirmed Chapter 13 plan which purported to dis-

charge student loan debt, but which did follow proper procedure violated creditor's due process rights, and thus would not be given res judicata effect). In considering the due process rights of the Creditor in this matter, there is no dispute that, (1) the Creditor, prior to confirmation, received a copy of the Debtors' proposed plan, and (2) the Creditor was afforded an opportunity to object to the Debtors' proposed·plan at the time of confirmation. At the same time, a couple of significant due process concerns arise in this case on account of this Court's subsequent order giving the Creditor 60 days to file a deficiency claim.

To begin with, the interplay between two basic legal doctrines lends itself to the conclusion that the Creditor did not, in spite of being sent a copy of the Debtors' proposed plan, receive reasonable notice that the Debtors were going to seek to impair its proof of claim. First, it a basic principle that a party has the right to rely on the terms set forth in a validly issued court order, unless at a later point in time specific notice is given that the terms of the order will be changed. *See In re Falk,* 96 B.R. 901, 909 (Bankr.D.Minn.1989). Second, in extrapolating from the doctrine known as the "last in time" rule—which holds that when two related decisions are inconsistent, the last in time prevails—it logically follows that this Court's order allowing a deficiency claim would supersede the contrary provision contained in the Debtors' proposed plan of reorganization. *See Browning v. Navarro,* 887 F.2d 553, 563 (5th Cir.1989). Inapposite to these tenets, however, the Creditor in this case received no specific notice that its right to file a deficiency claim, as allowed under this Court's order, was going to be disputed. For example, no motion was brought to have the 60–day provision stricken from this Court's order relieving

the stay. Additionally, no amended plan was filed by the Debtors under § 1323 wherein it could have been specifically stated that the 60–day provision would not survive plan confirmation.

In addition, as it concerns the Creditor's due process rights, the Court is troubled by the fact that the Debtors did not seek to file an objection to the Creditor's proof of claim, but instead relied exclusively on the res judicata effect of § 1327(a). From an initial standpoint, this raises a due process concern because of the apparent conflict in the law which exists between the res judicata effect of § 1327(a) and § 502 which states, in relevant part, that, "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." Simply put, these provisions raise the question as to how does a court bind a creditor to the provisions in a plan under § 1327(a), while at the same time allowing an inconsistent claim under § 502. Thus, given this incongruity, the courts have been split on how this issue should be handled, with the emerging view being that, despite the res judicata effect of § 1327(a), an allowed proof of claim may not be altered by a contrary provision set forth in a confirmed plan of reorganization under Chapter 13. *See, e.g., In re Rodnok*, 197 B.R. 232 (Bankr.E.D.Va.1996) (discussing the various approaches). In fact, one court has even held that a Chapter 13 plan which attempts to reduce a creditor's proof of claim without notice and a hearing on the issue is, in and of itself, a violation of the creditor's due process rights. *In re Hobdy*, 130 B.R. 318, 320 (9th Cir. BAP 1991).

The reliance of the Debtors on the binding § 1327(a) also creates a due process concern because it attempts to bypass the noticing procedure set forth in Bankruptcy Rule 3007[1] for objecting to proof of claims. Thus, while not suggesting it in this particular case, an inference of subterfuge arises when a debtor, rather than openly contesting a creditor's claim pursuant to the procedures outlined in Bankruptcy Rule 3007, instead initially keeps quiet, but then later attacks the claim on the basis of res judicata under § 1327(a). *Accord Id.* at 321.

■ Accordingly, based upon the above concerns, it is the judgment of this Court that the standard for due process clearly requires greater notice than what was provided in this case. Restated in legal terms, in a situation such as this, where a subsequent order entered by a bankruptcy court is in direct contravention to the terms of a debtor's proposed, but preconfirmation plan of reorganization, due process requires that, notwithstanding the later confirmation of the plan, a party be given notice in specific terms that their rights under the court order are being placed in jeopardy. Based therefore on this decision, the Creditor will be afforded the opportunity to file a deficiency claim against the Debtors' bankruptcy estate. The Debtors, however, will also be afforded the opportunity to file an objection thereto, based upon any of the grounds set forth in 11 U.S.C. § 502(b).

Before concluding, however, a final word is required regarding a due process concern raised not by the Creditor, but instead by the Debtors. Specifically, the

1. This Rule, which is entitled "Objections to Claims" provides, "[a]n objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding."

Debtors contest, on due process grounds, the validity of the 60–day provision contained in this Court's relief from stay order on the basis that nowhere in the related Motion was the existence of this provision disclosed. The Court, however, must reject this argument outright because both the Creditor's motion and the subsequent order issued by the Court substantially complied with the standardized forms adopted by all of the bankruptcy courts in the Northern District of Ohio. As a result, the Debtors' attorney was clearly put on notice of this provision.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Debtors' objection to the proof of claim filed by the Creditor, First Investors Financial Services, be, and is hereby, OVERRULED.

It is **FURTHER ORDERED** that the Debtors' Motion to Vacate the Order of Relief entered on June 24, 2002, be, and is hereby, DENIED.

It is **FURTHER ORDERED** that the Creditor, First Investors Financial Services, is hereby given Thirty (30) days, commencing from the date of the entry of this order, to file a deficiency claim. Any objection(s) thereto, must be filed by the Debtors within Fifteen (15) days commencing from the date the proof of claim is filed with the Court. The measurement of these time periods shall be computed in accordance with Bankruptcy Rule 9006.